## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

LYNN R. NELSON,

                Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF
NE, CONAGRA FOODS, INC. as Sponsor of the
ConAgra Foods, Inc. Welfare Benefit Wrap Plan,
and CONAGRA FOODS EMPLOYEE
BENEFITS ADMINISTRATIVE COMMITTEE
as Administrator of the ConAgra Foods, Inc.
Welfare Benefit Wrap Plan,

                Defendants.

CASE NO. 8:14 CV 228

**AMENDED COMPLAINT**

COMES NOW the Plaintiff Lynn R. Nelson and for her Amended Complaint against the

Defendants states and alleges as follows:

1.  Venue and jurisdiction before this Court are appropriate pursuant to 29 USC §1132(e).

    This case involves the improper withholding and denial of benefits under a Group Health

    Plan as that term is defined under the Employee Retirement Income Security Program.  The

    Group Health Plan is administered in this District, the breach took place in this District, and

    the Defendants reside or may be found in this District.

2.  Plaintiff Lynn R. Nelson (hereinafter "Nelson") is an individual residing in Omaha,

    Douglas County, Nebraska.

3.  Nelson was a participant under the ConAgra Foods, Inc. Welfare Benefit Wrap Plan ("the

    Plan").  The Plan is a Group Health Plan subject to the Federal Employee Retirement

    Income Security Program codified at 49 USC §1001 *et. seq.*  The Plan and its coverage

    were in effect at all relevant times to the dates of service at issue.

1

**EXHIBIT A**

4.  Defendant ConAgra Foods, Inc. is a Delaware Corporation with its principal office in Omaha, Douglas County, Nebraska.  Defendant ConAgra Foods, Inc. is the Sponsor of the Plan.

5.  Defendant ConAgra Foods Employee Benefits Administrative Committee is the Administrator of the Plan.  Defendant ConAgra Foods, Inc. and Defendant ConAgra Foods Employee Benefits Administrative Committee will be referred to collectively as "ConAgra."

6.  Defendant Blue Cross and Blue Shield of Nebraska (hereinafter "Blue Cross") is a Nebraska insurance company.  Blue Cross also administers the Plan and acts as and constitutes a fiduciary of the Plan.

7.  While covered under the Plan, Nelson underwent an inpatient stay at Methodist Hospital (hereinafter "Methodist") from April 18, 2012 to April 21, 2012 for surgery to repair two hernias.

8.  The surgery was performed by Gary Anthone, MD, a board certified general surgeon with over 27 years of experience.

9.  The hernia repairs were recommended by a competent physician and deemed necessary to repair an injury and avoid further illness, injury, or even death to Nelson.

10. Methodist's total charges were $21,842.06.

11. Methodist's services and the charges for the same are clearly covered under the Plan, which provides coverage and payment for:

- Anesthesia (Pg. 24);
- Hospital services such as nursing care, drugs and medications, X-rays and laboratory tests (Pg. 25);
- Inpatient Physician care (Pg. 25);
- Semi-private room and board, cardiac care and intensive care room for Hospital stays (Pg. 26);

2

- Surgical care (Pg. 26);
- X-ray & Lab (Pg. 8);
- Inpatient Hospital Care (Pg. 8); and
- Medical Supplies (Pg. 8).

12.   Despite the fact that the Plan covered the charges submitted by Methodist, Defendants' denied the overwhelming majority of Nelson's claim and paid only $64.87 to Methodist.

13.   As a result of Defendants' refusal to pay, Methodist is now looking to Nelson for payment of $21,613.06[1] and threatening to take collection action against Nelson.

14.   Both Nelson and Methodist have made demands and requests upon Defendants for payment.  Defendants have continually refused to make any further payments or even consider Nelson's appeal from the denial of her claim under the Plan.

15.   Defendants' decision to deny Nelson's claim was not based upon any investigation or the actual services that were provided to Nelson.  Defendants' decisions and actions are contrary to Nelson's medical records and directly contrary to the provisions of the Plan.

16.   Defendants had no evidence or reasonable basis to deny Nelson's claim.

17.   Nelson has, at all times, performed her duties and obligations under the Plan, including the timely payment of premiums.

18.   ConAgra had a contractual duty and obligation to pay for the services received by Nelson under the Plan.  ConAgra owed a legal duty and obligation to pay for the services received by Nelson under the Federal Employee Retirement Income Security Program.

19.   ConAgra breached its duties to Nelson by, among other things:

   a.   Failing to adequately investigate Nelson's claim in good faith;

   b.   Ignoring provisions of the Plan and the medical records;

---

[1] The amount was reduced because of an additional contract adjustment of $164.93.

3

c. Failing and refusing to pay or offering to pay for the covered charges and services under the Plan;

d. Failing to provide adequate notice in writing to Nelson, whose claim for benefits under the Plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by Nelson;

e. Failing to afford a reasonable opportunity to Nelson, whose claim for benefits had been denied, for a full and fair review by the appropriate named fiduciary of the decision denying Nelson's claim;

f. Knowingly misrepresenting to Nelson relevant facts relating to the coverage at issue;

g. Compelling Nelson to resort to legal action to recover the full amounts due under the Plan;

h. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims in which liability is reasonably clear;

i. Attempting to settle the claim with Nelson for an amount less than what a reasonable person would believe Nelson was entitled to recover.  Specifically, Defendants paid $64.87 for medical services and charges of $21,842.06, or only 0.29%; and

j. Refusing to consider or review information from Nelson or Nelson's appeal.

20. Blue Cross owed legal and fiduciary duties to Nelson under the Federal Employee Retirement Income Security Program and as a party listed under the Plan as one administering the Plan.  The Plan also delegates Blue Cross the authority "to make final, binding determinations concerning availability of benefits under the Plan."

4

21.   Blue Cross breached its duties to Nelson by, among other things:

    a.   Failing to provide adequate information to ConAgra;

    b.   Failing to provide the full and fair review of Nelson's claims as it was required to under the plain language of the Plan;

    c.   Misrepresenting the terms and benefits under the Plan to Nelson;

    d.   Misrepresenting to Methodist that the Plan did not provide coverage for the services provided to Nelson;

    e.   Failing to provide adequate notice in writing to Nelson, whose claim for benefits under the Plan had been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by Nelson;

    f.   Failing to afford a reasonable opportunity to Nelson, whose claim for benefits had been denied, for a full and fair review by the appropriate named fiduciary of the decision denying Nelson's claim;

    g.   Failing and refusing to pay or offering to pay for the covered charges and services under the Plan;

    h.   Interfering with the attainment of rights to which Nelson was entitled to under the plan;

    i.   Knowingly misrepresenting to Nelson relevant facts relating to the coverage at issue;

    j.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims in which liability is reasonably clear;

    k.   Attempting to settle the claim with Nelson for an amount less than what a reasonable person would believe Nelson was entitled to recover.  Specifically,

Defendants paid $64.87 for medical services and charges of $21,842.06, or only 0.29%;

l.   Refusing to consider or review information from Nelson or Nelson's appeal; and

m.   Making misrepresentations that Nelson's attorney could not file an appeal of the denial of her claims on behalf of Nelson.

22.   As a direct and proximate result of Defendants' breaches of their duties under the Plan and the Federal Employee Retirement Income Security Program, Nelson suffered damages that include, but are not limited to, the following:

a.   $21,613.06 of charges from Methodist for services that were expressly covered under the Plan;

b.   Attorney fees, costs, and civil penalties, including 20% of the applicable recovery amount authorized by the Federal Employee Retirement Income Security Program incurred; and

c.   Any damages resulting from collection activities, interest, late charges, or harm to Nelson's credit or reputation.

WHEREFORE Plaintiff Lynn R. Nelson respectfully requests that the Court enter a Judgment against the Defendants, jointly and severally for:

a.   General and special damages, both present and future, in an amount to be proven at trial but no less than $21,613.06;

b.   prejudgment interest accruing from April 21, 2012 at the rate of 12% per annum and post judgment interest;

c.  attorney fees, costs, and civil penalties, including 20% of the applicable

recovery amount, authorized by the Federal Employee Retirement Income

Security Program; and

d.  such other relief as may be necessary, fair, or just.

Respectfully submitted,
Lynn R. Nelson, Plaintiff,

By:

Jason Mario Bruno, NE #23062
SHERRETS BRUNO & VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
Tele:  (402)390-1112
Fax:  (402)390-1163
law@sherrets.com
ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____