IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYNN R. NELSON,<br><br>               Plaintiff,<br><br>   vs.<br><br>BLUE CROSS AND BLUE SHIELD OF NEBRASKA;  CONAGRA FOODS, Inc. as Sponsor of the ConAgra Foods, Inc. Welfare Benefit Wrap Plan; and CONAGRA FOODS EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, as Administrator of the ConAgra Foods, Inc. Welfare Benefit Wrap Plan;<br><br>               Defendants. | 8:14CV228<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motions to strike, Filing No. 56 and Filing No. 86. This is an action for judicial review of an administrative determination denying benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

The plaintiff moves to strike certain evidence in the administrative record, particularly an explanation of benefits ("EOB") dated May 31, 2012, and a denial notification dated April 20, 2012, as well as documents and affidavits filed in support of the defendants' motions for summary judgment.[1] She contends the documents lack foundation and authentication and argues that the defendants are judicially estopped from submitting the evidence by their earlier representation to the Court that the Court's

---

[1] In particular, she seeks an order striking the following documents filed by the defendants in support of their Motions for Summary Judgment:  (1) the Affidavit of Amy McCarthy dated June 4, 2015, Filing No. 74-2 and Filing No. 76-2; (2) the Supplemental Affidavit of Andrew Sloan dated June 4, 2015, Filing No. 74-1; (3) the Supplemental Affidavit of Ron Frey dated June 4, 2015, Filing No. 76-3; (4) Defendant Blue Cross's Statement of Additional facts, Filing No. 73, Brief at 1-5; and (5) ConAgra's Statement of Undisputed Additional Facts, Filing No. 75, Brief at 2-9.

review should be based only on the administrative record. Further, she seeks to strike records of telephone communications for lack of foundation and authentication and as hearsay and double hearsay. She also contends the affidavit of Ron Frey lacks foundation, is irrelevant, constitutes hearsay, is lacking in personal knowledge, and violates the best evidence rule. Defendants Blue Cross and Blue Shield of Nebraska (hereinafter, "Blue Cross") and ConAgra Foods, Inc., and ConAgra Foods Employee Benefits Administrative Committee (hereinafter, collectively, "ConAgra") oppose the motion to strike, arguing that the additional evidence relates to the notice/exhaustion issue, but further contends the court's review of the merits should be limited to the administrative record.

The record shows that, pursuant to the parties' respective positions at the Fed. R. Civ. P. 26(f) meeting, the magistrate judge allowed limited discovery on the issue of notice or lack of notice to Nelson of the denial of her claim for medical benefits. *See* Filing No. 88-1, Index of Evidence, Ex. 1, correspondence from Nicholas K. Rudman to Jason M. Bruno dated May 4, 2015 (expressing recollection that the magistrate judge stated at the parties' planning conference on February 2, 2015, that discovery was allowed on the issue of notice); Filing No. 36, Rule 26(f) Report at 17-19 (stating that plaintiff requested discovery outside the administrative record). In the parties' Rule 26(f) Report, the plaintiff argued that she required discovery outside of the administrative record to prove her case. *See* Filing No. 36, Rule 26(f) Report. The Court permitted additional discovery. *See* Filing No. 89, Order on motion to determine sufficiency of answers to requests for admission.

Under ERISA, the Court's review is generally limited to the administrative record and the restriction is mandatory under an abuse of discretion standard. *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998); see also *Ferrari v. Teachers Ins. and Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002). Under de novo review, considering outside evidence is discouraged in order to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Seitz Foods*, 140 F.3d at 1200. However, limited discovery is allowed to determine the appropriate standard of review. *Farley v. Arkansas Blue Cross and Blue Shield*, 147 F.3d 774, 776 n. 4 (8th Cir. 1998). Also, the prohibition does not extend to other questions which may arise in an ERISA action, such as (1) the completeness of the administrative record; (2) the plan administrator's compliance with ERISA's procedural regulations; and (3) "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011); see also *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1161-62 (10th Cir. 2010) (explicitly recognizing exceptions to the general rule barring consideration of extrinsic evidence on abuse of discretion review and permitting consideration of extrinsic evidence regarding the extent and impact of a plan administrator's conflict of interest); *Burke v. Pitney Bowes Inc. Long–Term Disability Plan*, 544 F.3d 1016, 1027–28 (9th Cir. 2008) (holding that courts may consider evidence from outside of the administrative record in at least three situations: (1) to determine whether and to what extent an administrator's conflict of interest adversely affected the administrative decision-making process, (2) when "procedural

irregularities" undermined the development of a full administrative record, and (3) when a plan's representations caused a participant to incorrectly but reasonably believe a document was part of the administrative record); and *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 158 n. 22 (5th Cir. 2009) (allowing consideration of extrinsic evidence in cases where procedural irregularities inhibited the development of an adequate record); *and Helton v. AT & T Inc.*, 709 F.3d 343, 356 (4th Cir. 2013) (permitting consideration of evidence from outside of the administrative record when that evidence was known to the administrator at the time the administrator rendered its benefits determination).

The Court finds it appropriate to consider the filings in connection with the pending motions for summary judgment and the related issues of notice, exhaustion and standard of review. The documents will be considered only to the extent they are relevant to the issues. Accordingly, the Court finds the plaintiff's motions to strike should be denied.

IT IS ORDERED that plaintiff's motions to strike (Filing No. 56 and Filing No. 86) are denied.

Dated this 13th day of October, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge